UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maximino Flores, *et al.*, | ) | |
| | ) | Civil Action No. 2:04-1295-CWH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Lawton Limehouse, Sr., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 23, 2004, the plaintiffs commenced this action raising, among others, claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). The plaintiffs have alleged the defendants received income from and conducted their staffing companies through a pattern of racketeering activities. These alleged racketeering acts include harboring aliens, falsifying employment documents, and extortion.

On July 22, 2005, the defendants filed a motion to dismiss the RICO claims as a sanction because the plaintiffs pled their rights under the Fifth Amendment when asked questions relating to their immigration status. The plaintiffs responded by claiming their immigration status was not relevant to their RICO claims and a sanction of an adverse inference would remedy any prejudice to the defendants resulting from the plaintiffs's refusal to answer the questions regarding their immigration status.

To have standing to sue under RICO, a plaintiff must prove an injury to his property "by reason of" a defendant's violation of 18 U.S.C. § 1962. 18 U.S.C. § 1964(c). The plaintiffs alleged injuries are lost wages. The Supreme Court has held that the "by reason of" language in section 1964(c) requires a plaintiff to demonstrate a defendant's violation of section 1962 proximately caused the plaintiff's injury. Holmes v. Securities Investor Protection Corporation,

503 U.S. 258, 268 (1992).

To prove a violation of section 1962, the plaintiffs must demonstrate that the defendants derived income through a pattern of racketeering activity and invested that income into the staffing companies or that the defendants conducted the staffing companies through a pattern of racketeering activity. 18 U.S.C. § 1962(a) and (c).  To establish a pattern of racketeering activity, the plaintiffs must show the racketeering acts are related and amount to a continuous threat of criminal activity.  H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). Racketeering acts are related if they have "the same or similar purposes, results, participants, methods of commission, or otherwise are interrelated by distinguishing characteristics." Id.  The plaintiffs must also prove a continuity of related racketeering acts extending over a substantial period of time.  Id at 241-242.  Continuity includes a closed period of repeated conduct.  Id.

The plaintiffs claim the defendants committed the following racketeering acts: (1) harboring aliens 18 U.S.C. § 1328, (2) making false identification documents or false immigration documents 18 U.S.C. § 1028, (3) extortion 18 U.S.C. §§ 2, 1951, 1961(1)(A) or S.C. Code § 16-17-640, (4) transporting money or stolen property 18 U.S.C. §§ 2 and 2314, (5) money laundering 18 U.S.C. §§ 1956 and 1957, and (6) mail and wire fraud.  The characteristics these alleged racketeering acts share are the employment and subsequent exploitation of unauthorized aliens.  Questions asking whether the plaintiffs purchased and used false documents to obtain employment with the defendants or whether they are unauthorized aliens are relevant to the determination of whether the defendants committed these racketeering acts and whether the violations constitute a pattern.

In addition, the only alleged racketeering act which could have proximately caused the

plaintiffs's lost wages is extortion.[1]  Extortion is defined as "obtaining property from another, with his consent, induced by wrongful use of actual threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).[2]  For extortion to be included in the "pattern of racketeering activities," the plaintiffs must prove extortion is related to the other alleged immigration law violations.  See H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).  The plaintiffs allege the defendants threatened to notify immigration authorities when the plaintiffs complained of lost wages.  The plaintiffs must prove they reasonably feared the defendants's threat of deportation.  This element brings the plaintiffs's immigration status into issue.  The plaintiffs's immigration status, consequently, is also relevant to the issue of causation.

The immigration status of the plaintiffs is relevant to the defendants's liability under RICO.[3]  To this date, however, the plaintiffs refuse to answer questions asking whether they purchased and used false documents to obtain employment with the defendants or whether they are unauthorized aliens. The Court has ordered the plaintiffs to provide information relating to their immigration status.  The Court has also issued a confidentiality order preventing the defendants from using the plaintiffs's immigration information for any purpose other than

---

[1] The plaintiffs have not presented any reasonable arguments supporting a claim that the other alleged racketeering acts proximately caused their lost wages.

[2] Extortion under South Carolina law also qualifies as a racketeering activity.  18 U.S.C. § 1961(1)(A).  South Carolina's definition of extortion is similar to the definition in section 1951, and the analysis above applies to an extortion claim under South Carolina law.  S.C. Code § 16-17-640.

[3] The Supreme Court has held that the Immigration Reform and Control Act (IRCA) limits the remedies available to an unauthorized alien working in violation of IRCA.  Hoffman Plastic Compounds, Inc. v. National Labor Relations Board, 535 U.S. 137, 151-152 (2002).

conducting this litigation and preventing the defendants from divulging the immigration information to third parties. On October 6, 2005, the Court advised the plaintiffs that to defend the RICO claims, the defendants need answers to questions regarding the plaintiffs's immigration status, and the Court warned the plaintiffs that sanctions would be appropriate if the plaintiffs did not provide the information.

The plaintiffs contend that the sanction of drawing an adverse inference to questions the plaintiffs refuse to answer pursuant to their Fifth Amendment rights will remedy any prejudice to the defendants. The adverse inference, however, will not allow the defendants to refute allegations that they harbored aliens and provided workers forged documents by demonstrating that the plaintiffs submitted their own false work documents or that the plaintiffs concealed their immigration status from the defendants. Furthermore, an adverse inference that the plaintiffs are unauthorized aliens will help the plaintiffs prove extortion without having to offer evidence supporting the claim. The plaintiffs have placed their immigration status at issue, and the plaintiffs should not be able to use their rights under the Fifth Amendment to the disadvantage of the defendants.

Consequently, the plaintiffs are hereby ordered to provide the defendants, within 10 days of the filing of this order, written detailed answers to questions relating to the plaintiffs's immigration status such as the plaintiffs's immigration status when they entered the United States, the plaintiffs's use of false employment documents to obtain other employment, the plaintiffs's use of false employment documents to obtain employment with L&L, the plaintiffs's use of false documents under an assumed name, and whether the plaintiffs assisted others to illegally enter the United States. A failure to adequately respond will likely result in the

dismissal of the RICO claims.

    **AND IT IS SO ORDERED**.

_____

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

January 26, 2006
Charleston, South Carolina